1  J. Gary Gwilliam, Esq. (State Bar No. 33430)
Jayme L. Walker, Esq. (State Bar No. 273159)
2  Angelina M. Austin, Esq. (State Bar No. 336250)
GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
3  1999 Harrison Street, Suite 1600
Oakland, CA 94612-3528
4  Telephone: (510) 832-5411
Facsimile: (510) 832-1918
5  Email(s): ggwilliam@giccb.com; jwalker@giccb.com; aaustin@giccb.com

6  Attorneys for Plaintiffs
ALEX GAETA AND
7  TRESSIE GAETA

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  ALEX GAETA and TRESSIE GAETA,          Case No.
individually and as successors-in-interest to
12  Tracy Gaeta, deceased,                 **COMPLAINT FOR DAMAGES**

13       Plaintiffs,                       1. **Fourth Amendment – Unreasonable Seizure of a Person (42 U.S.C. § 1983)**
14       vs.                               2. **Fourth Amendment – Excessive Force (42 U.S.C. § 1983)**
                                           3. **Fourteenth Amendment – Substantive Due Process – Interference with Familial Relationship (42 U.S.C. § 1983)**
15  CITY OF STOCKTON, a municipal
corporation; ERIC JONES, individually and
16  in his official capacity as Chief of the
Stockton Police Department; KYLE           4. ***Monell* Liability - Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**
17  RIBERA, individually and in his official
capacity as an Officer of the Stockton     5. ***Monell* Liability - Ratification (42 U.S.C. § 1983)**
18  Police Department; and DOES 1-10,
inclusive,                                 6. ***Monell* Liability - Failure to Train (42 U.S.C. § 1983)**
19                                         7. **Violation of Ralph Act (C.C.P. § 51.7)**
                                           8. **Negligence (Wrongful Death and Survival)**
20       Defendants.                       9. **Battery (Wrongful Death and Survival)**
                                           10. **Wrongful Death (C.C.P. § 377.60)**
21

22                                         **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
ATTORNEYS AT LAW
A Professional Corporation
1999 Harrison St., Suite 1600, Oakland, CA 94612

## I.  INTRODUCTION

1.      Tracy Gaeta was a 54-year-old grandmother with no previous criminal history in the midst of a mental health crisis.  On the afternoon of February 22, 2022, following a minor traffic accident with an unidentified Stockton Police Department officer, Ms. Gaeta was pursued to an isolated, rural area of Stockton, California, where there would be no witnesses to the tragic events that unfolded.  Tracy Gaeta drew her last breath at the dead end of Rolerson Road, where in a matter of seconds, Ms. Gaeta was killed by an officer of the Stockton Police Department who fired thirty-three (33) bullets into her car in a spectacular display of excessive force and reckless disregard for human life and malicious conduct.

## II.  JURISDICTION AND VENUE

2.      Pursuant to 28 U.S.C. section 1331, the Court has original jurisdiction over this action because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983, in addition to the Fourth and Fourteenth Amendments of the United States Constitution. The court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      The Court has personal jurisdiction over the defendants because they transact business in and engaged in wrongdoing within the District.

4.      Pursuant to 28 U.S.C. section 1391(b)(1)-(2) and section 1391(c)(2) venue is proper because at least one of the Defendants resides in this District and all incidents, events, and occurrences giving rise to this action occurred in this District.

## III.  ADMINISTRATIVE PREREQUISITES

5.      Plaintiffs have complied with the administrative tort claim requirement under California Law (Gov. Code § 911.2). Plaintiffs filed a claim with the CITY OF STOCKTON on July 25, 2022. The claim was rejected by mechanism of law on September 8, 2022 (Gov. Code § 945.6(a)(2)).

6.      Additionally, Plaintiffs file herewith their successor-in-interest declaration pursuant to California Code of Civil Procedure § 377.32.

1    **IV.        PARTIES**

2       7.      Tracy Gaeta is the decedent in this matter. At all relevant times, she was a

3    resident of San Joaquin County, California.

4       8.      Plaintiff **ALEX GAETA** is the natural son and successor-in-interest to decedent

5    Tracy Gaeta.  ALEX GAETA is, and was at all times herein mentioned, a citizen of the United

6    States and a resident of San Joaquin County, California.

7       9.      Plaintiff **TRESSIE GAETA** is the natural daughter and successor-in-interest to

8    decedent Tracy Gaeta. TRESSIE GAETA is, and was at all times herein mentioned, a citizen of

9    the United States and a resident of San Joaquin County, California.

10       10.     Defendant **CITY OF STOCKTON** ("CITY") is, and at all times herein

11    mentioned, a municipal entity duly organized and existing under the laws of the State of

12    California. Under its supervision, the CITY operates the Stockton Police Department.  The

13    CITY is vicariously liable for defendants ERIC JONES' and KYLE RIBERA's wrongful acts,

14    as well as violations of decedent Tracy Gaeta's constitutional rights.

15       11.     Defendant **ERIC JONES** ("JONES") was employed by defendant CITY as Chief

16    of Police at all times mentioned herein. He is a natural person and being sued in his individual

17    and official capacity as Chief of Police for the CITY.  At all relevant times, JONES was acting

18    with the complete authority and ratification of his principal, the CITY.

19       12.     Defendant **KYLE RIBERA** ("RIBERA") is employed by defendant CITY as a

20    Police Officer.  He is at all times mentioned herein, a natural person and is being sued in his

21    individual and official capacity as Police Officer for the CITY.  At all relevant times, RIBERA

22    was acting with the complete authority and ratification of his principals, JONES and the CITY.

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

13.     Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as DOES 1-10, inclusive, and therefore sue these defendants by such fictitious names and capacities.  Plaintiffs are informed and believe, and on that basis allege, that each defendant sued under such fictitious names is in some manner responsible for the occurrences herein alleged, and that their injuries as herein alleged were proximately caused by the conduct of such defendants.  DOES 1-10 were acting with the complete authority and ratification of their principal, the CITY.

14.     In engaging in the conduct described herein, defendants acted under the color of law and in the course and scope of their employment with the CITY. In engaging in the conduct described herein, defendants exceeded the authority vested in them as police officers under the United States Constitution and as police officers employed by Defendant CITY.

## V.     FACTUAL SUMMARY

15.     On February 22, 2022, at approximately 2:09 p.m., Defendant Stockton Police Officer RIBERA pursued decedent, Tracy Gaeta, eastbound on Rolerson Road in Stockton, California.

16.     Tracy Gaeta had come to the attention of the Stockton Police Department after driving erratically and leaving the scene of a minor auto accident with a presently unknown Officer of the Stockton Police Department.

17.     PLAINTIFFS are informed and believe that decedent Tracy Gaeta was experiencing a mental health crisis at the time, however, there was no indication that Ms. Gaeta had committed a felony or that she would cause death or serious bodily injury to another unless apprehended following the auto accident.

18.     As the pursuit continued, Defendant RIBERA reported to dispatch that Ms. Gaeta was approaching a dead end with no traffic and no pedestrians. In response, Defendant RIBERA was informed by dispatch that additional officers were enroute to his location.

19.     As Ms. Gaeta approached the dead end of Rolerson Road, a narrow dirt road, she slowed to a stop and put her vehicle in reverse.

///

20.     Despite his training and Stockton Police Department General Order V-1: Vehicle Pursuit, which states, "[o]fficers shall make every effort to avoid putting themselves into a position where they could be struck by a fleeing vehicle, requiring them to use a firearm to protect themselves," Defendant RIBERA unreasonably placed himself in a position of danger, parking his police cruiser approximately three (3) to five (5) feet directly behind Ms. Gaeta's reversing vehicle – whose reverse lights were visible from Defendant RIBERA's location.

21.     Instead of holding his position and waiting for additional officers to arrive on scene from the safety of his police cruiser, Defendant RIBERA unreasonably exited his vehicle and unnecessarily drew his service weapon, a show of force disproportionate to the seriousness of the alleged crime(s) in progress.

22.     When Ms. Gaeta's reversing vehicle made minor contact with the front-end of the police cruiser parked directly behind her, Defendant RIBERA was slightly pushed back into his vehicle.  From inside of his police cruiser, Defendant RIBERA grossly exaggerated the situation and reported to dispatch that he was being "rammed" by Ms. Gaeta.

23.     Within seconds, Defendant RIBERA exited his police cruiser and with no verbal warning, responded with an astonishing and unjustified use of excessive and deadly force, firing approximately eighteen (18) shots in quick succession at the vehicle, shattering Ms. Gaeta's rear windshield.

24.     Ms. Gaeta frantically tried to escape the sudden hail of gunfire. When Ms. Gaeta's vehicle began to pull forward, away from Defendant RIBERA's assault, he fired on the moving vehicle – another violation of Stockton Police Department policy – discharging approximately seven (7) shots through the rear passenger window.

25.     Attempting to escape the onslaught of gunfire, Ms. Gaeta began to reverse her vehicle again – which was now parallel to Defendant RIBERA's position on the narrow dirt road.  Though he was in no danger of being struck by the moving vehicle, Defendant RIBERA fired another eight (8) shots into the driver side window.

///

///

26.     Body worn camera footage shows that Tracy Gaeta was bleeding profusely as her body was removed from her vehicle.  She was transported by ambulance to San Joaquin General Hospital where she was pronounced dead at 3:05p.m.

27.     The use of deadly force against Tracy Gaeta was intentional, excessive and objectively unreasonable under the circumstances, especially because Tracy Gaeta did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting, there were other reasonable alternatives to the use of deadly force, and no verbal warning was given that deadly force was going to be used.

28.     Tracy Gaeta is survived by her son ALEX GAETA and daughter TRESSIE GAETA (collectively, "PLAINTIFFS") and two young grandchildren who have been deprived of her love, affection, support, and companionship for the rest of their lives.

**VI.     DAMAGES**

29.     Pursuant to C.C.P. §§ 377.60 and 377.61 and Probate Code § 6402(a), PLAINTIFFS seek both survival and wrongful death damages for violation of both decedent's rights and their own individual rights.

30.     PLAINTIFFS were mentally, emotionally and financially injured and damaged as a proximate result of Defendant RIBERA's conduct and decedent Tracy Gaeta's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, financial and moral support. Additionally, PLAINTIFFS are entitled to the reasonable value of funeral and burial expenses.

31.     PLAINTIFFS are further entitled to recover damages, including punitive damages, incurred by decedent before she died as a result of the Defendants' negligent acts and/or omissions, and to any penalties or punitive damages to which decedent would have been entitled to recover had she lived, including damages incurred by decedent consisting of pain and suffering she endured as a result of the violation of her rights under law.

32.     The conduct of Defendant RIBERA was malicious, wanton, and oppressive. PLAINTIFFS are therefore entitled to an award of punitive damages against Defendant RIBERA.

33.    PLAINTIFFS found it necessary to engage the services of private counsel to vindicate their rights and the rights of decedent.  PLAINTIFFS are entitled to an award of attorneys' fees and/or costs - to the extent utilized - in the event that they are the prevailing party in this action pursuant to 42 U.S.C. § 1988, California Civil Code § 52, California Code of Civil Procedure § 1021.5 and any other applicable provision of law.

**FIRST CAUSE OF ACTION**
**Fourth Amendment Violation**
**Unreasonable Seizure of a Person**
**42 U.S.C. § 1983**
**[PLAINTIFFS Against Defendants RIBERA and DOES 1-10]**

34.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth above, as if set forth in full herein.

35.    When Defendant RIBERA pulled his police cruiser directly behind Tracy Gaeta's reversing vehicle on Rolerson Road - a narrow, dirt, dead end road - he did so with the intent to create a roadblock, halting Tracy Gaeta's movements.

36.    Additionally, when Defendant RIBERA unreasonably fired approximately thirty-three (33) bullets into Tracy Gaeta's vehicle, striking her multiple times and ultimately ending her life, he did so with the intent to stop her vehicle and acquire control over the decedent.

37.    In doing the acts complained of herein, Defendant RIBREA acted under color of law to deprive decedent Tracy Gaeta of certain constitutionally protected rights, including, the right to be free from unreasonable searches and seizures of her person, as guaranteed by the Fourth Amendment to the Constitution of the United States and applied to state actors by the Fourteenth Amendment.

38.    The conduct of Defendant RIBERA was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent Tracy Gaeta and therefore warrants the imposition of exemplary and punitive damages against him.

39.    As a direct and proximate result of Defendant's wrongful conduct, decedent Tracy Gaeta and PLAINTIFFS have suffered damages, including, but not limited to, legal expenses, economic losses, loss of familial relationship, emotional distress, and other damages.

///

40.    PLAINTIFFS bring this claim as successors-in-interest to decedent Tracy Gaeta and seek both survival and wrongful death damages for the violation of decedent's rights. PLAINTIFFS further seek statutory attorney's fees and costs under this claim.

**SECOND CAUSE OF ACTION**
**Fourth Amendment Violation**
**Excessive Force**
**U.S.C. § 1983**
**[PLAINTIFFS Against Defendants RIBERA and DOES 1-10]**

41.    PLAINTIFFS incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

42.    Defendant RIBERA used excessive force against decedent Tracy Gaeta when he intentionally aimed at and fired approximately thirty-three (33) lethal force rounds, as alleged herein, knowing that his shots were likely to cause death or serious bodily injury, and did in fact strike and kill decedent Tracy Gaeta.

43.    While acting under color of state law and in the course and scope of his duties as a police officer for the Stockton Police Department, Defendant RIBERA escalated the situation by unreasonably placing himself in a position of danger, failing to wait for additional officers to arrive on the scene, and neglecting to follow his training when firing his weapon into a moving vehicle, while other reasonable alternatives were available to him.

44.    At all relevant times, decedent Tracy Gaeta was not armed with a gun, and posed no immediate threat of death or serious bodily injury to any person. Decedent Tracy Gaeta was in the midst of a mental health crisis and displayed clear signs of mental distress.

45.    Acting under the color of state law, Defendant RIBERA subjected decedent Tracy Gaeta to excessive, deadly force where no deadly force was justified, depriving her of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and depriving PLAINTIFFS of their familial relationship and association, in violation of due process of law.

46.    As a result of Defendant RIBERA's misconduct, decedent Tracy Gaeta suffered great physical pain and emotional distress up to the time of her death, loss of enjoyment of life, loss of life, and loss of earning capacity.

47.    The conduct of Defendant RIBERA was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent Tracy Gaeta and therefore warrants the imposition of exemplary and punitive damages against him.

48.    As a direct and proximate result of Defendant's wrongful conduct, decedent Tracy Gaeta and PLAINTIFFS have suffered damages, including, but not limited to, legal expenses, economic losses, loss of familial relationship, emotional distress, and other damages.

49.    PLAINTIFFS bring this claim as successors-in-interest to decedent Tracy Gaeta and seek both survival and wrongful death damages for the violation of decedent's rights. PLAINTIFFS further seek statutory attorney's fees and costs under this claim.

### THIRD CAUSE OF ACTION
**Fourteenth Amendment Violation**
**Substantive Due Process**
**Interference with Familial Relationship**
**42 U.S.C. § 1983**
**[PLAINTIFFS Against Defendants RIBERA and DOES 1-10]**

50.    PLAINTIFFS incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

51.    PLAINTIFFS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in the familial relationship with their mother, decedent Tracy Gaeta.

52.    Defendant RIBERA acted under color of state law.

53.    As a direct and proximate result of Defendant RIBERA's misconduct, PLAINTIFFS suffered emotional distress, mental anguish, and pain. PLAINTIFFS have also been deprived of the life-long love, companionship, comfort, support, society, care, and financial support of decedent Tracy Gaeta, and will continue to be so deprived for the remainder of their natural lives.

///

///

54.    Defendant RIBERA's actions, along with other undiscovered conduct, shock the conscience, in that he acted with deliberate indifference to the constitutional rights of decedent Tracy Gaeta and PLAINTIFFS, and with purpose to harm unrelated to any legitimate law enforcement objective.

55.    Defendant RIBERA's conduct of was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent Tracy Gaeta and therefore warrants the imposition of exemplary and punitive damages against him.

56.    PLAINTIFFS seek wrongful death damages under this claim in their individual capacities. PLAINTIFFS further seek statutory attorney's fees and costs under this claim.

### FOURTH CAUSE OF ACTION
**_Monell_ Liability**
**Unconstitutional Custom, Practice, or Policy**
**42 U.S.C. § 1983**
**[PLAINTIFFS Against Defendants CITY and DOES 1-10]**

57.    Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

58.    Defendant RIBERA acted under color of law.

59.    When Defendant RIBERA fatally shot decedent Tracy Gaeta while she was having a mental health crisis Defendant RIBERA acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

60.    On information and belief, Defendant RIBERA was not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with decedent's death.

61.    Defendants CITY AND JONES, maintained, inter alia, the following unconstitutional customs, practices, and policies, which in the alternative were directed, encouraged, allowed, and/or ratified by the policy making officials for defendant CITY, including defendant JONES:

    a)  Using and tolerating excessive or unreasonable force, including excessive deadly force.

    b)  Using and tolerating unreasonable tactics and procedures during vehicle pursuits.

c) Escalating and tolerating escalation of incidents, as opposed to de-escalation of incidents.

d) Exhibiting and tolerating racial animus, including racial profiling.

e) Providing inadequate training and policies, including sustainment training, enforcement of the training when it does exist, and re-training regarding the use of force, the use of deadly force, vehicle pursuits, and de-escalation.

f) Tolerating and failing to properly investigate excessive or unreasonable force incidents.

g) Ratifying unconstitutional conduct and failing to adequately discipline CITY officers, including defendant RIBERA, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

h) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional.

i) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the deputies involved.

j) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other officers' errors, misconduct, or crimes.

k) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of mentally ill individuals.

l) Upon information and belief, CITY has an unofficial policy, practice and/or custom of finding almost all - if not all - of its officer involved shootings to be within policy, of not disciplining its officers involved in shootings, or not

retraining or firing officers involved in shootings, and of not recommending criminal charges against their officers involved in excessive and unreasonable officer-involved shootings. As a result, officers involved in excessive uses of deadly force are allowed back to patrol the streets even though CITY and JONES knew, or should have known, that these officers have a propensity for using excessive deadly force against the citizens that the officers are supposed to protect and serve, especially against minorities and in underprivileged neighborhoods.

62.    Upon information and belief, this policy, custom and/or practice is long lasting and persistent, and existed well before decedent Tracy Gaeta was killed by the Defendant RIBERA.

63.    These policies, practices and customs were a moving force behind the violation of decedent Tracy Gaeta's constitutional right to be free from excessive force.

64.    By reason of the aforementioned acts and omissions, PLAINTIFFS have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of their mother. The aforementioned acts and omissions also caused decedent Tracy Gaeta's pain and suffering, loss of enjoyment of life, and death.

65.    Defendants CITY and JONES, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of decedent Tracy Gaeta, PLAINTIFFS, and other individuals similarly situated.

///
///
///
///

66.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and JONES acted with intentional, reckless, and callous disregard for the life of decedent Tracy Gaeta and PLAINTIFFS' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by defendants CITY and JONES were affirmatively linked to and were the moving force behind the injuries of decedent Tracy Gaeta and PLAINTIFFS.

67.    Further, the following are cases that demonstrate a pattern and practice by the CITY and JONES of maintaining unconstitutional customs, practices and policies regarding the use of force, including the use of unreasonable deadly force on unarmed civilians:

a)    *Haynes, et al. v. Johnson, et al*, case no. 2:15-CV-00565-WBS-DB - Donald Haynes, an African American man, was shot and killed by Stockton Police Officer Robert Johnson III during a traffic stop. The CITY settled in the amount of $90,000. Johnson was not disciplined or retrained.  He remains an officer of the Stockton Police department despite repeated acts of unconstitutional violence on citizens.

b)    *Green v. City of Stockton*, case no. STK-CV-UPI-2011-0014340 - a jury determined Stockton Police Officer Robert Johnson III used excessive and unreasonable force on unarmed 16-year-old African American Joseph Green and returned a $710,000 verdict in favor of the plaintiff. Johnson was not disciplined or retrained.

c)    *Brown v. Diaz, et al.*, case no. 2:17-CV-01157-KJM-AC – Trinidad Brown, an African American man, was subjected to excessive and unreasonable force during a traffic stop when Stockton Police Officers Eddie Diaz, Eric Howard, Laertis Moraitis and Daniel Villalobos unjustifiably held a firearm to his head and used a taser on him. Brown was unarmed. The CITY settled the case for $235,000. The officers were not disciplined or retrained.   After the incident, Laertis Moraitis became an officer at the Calistoga Police Department.  Diaz, Howard and Villalobos are still officers of the Stockton Police Department.

d) *Smith v. City of Stockton*, case no. 2:15-CV-02511-MCE-AC – James Smith, a mentally disabled African American man, was subjected to excessive force by Stockton Police Officer Houston Stevens when Smith was brutally attacked by Stevens' police K-9. Smith was unarmed. The CITY settled for $307,500. Stevens was not disciplined or retrained. Stevens has been involved in at least 4 police involved shootings. He is still an officer of the Stockton Police Department and has since been promoted to Sergeant.

e) *Estate of Colby Friday v. City of Stockton*, case no. 2:17-CV-02038-MCE-KJN – Colby Friday, an African American man, was shot and killed without any lawful cause by a Stockton Police Officer David Wells. Friday was unarmed. The CITY settled for $3.25 million. Wells was not disciplined or retrained. He remains an officer of the Stockton Police Department.

f) *Smith-Downs v. City of Stockton*, case no. 2:10-CV-02495-MCE-GGH - James Rivera, a 16-year-old African American boy, was shot to death by Stockton Police Officers Gregory Nunn and Eriz Azavard. He was unarmed. The CITY settled for $395,000. As of 2019, Azavard was still employed as an officer for the Stockton Police Department.

g) *R.T, et al v. City of Stockton et al*, case no. 2:15-CV-00430 - Matautu Nuu was a mentally disabled man with schizophrenia. Stockton Police Officers John Griffin and Jason Schaffer shot Nuu to death after he was repeatedly tased. Stockton settled for $550,000. Griffin and Schaffer were not disciplined or retrained. They remain officers of the Stockton Police Department.

68. Additionally, at the time of this filing, the CITY is a party to ten (10) civil rights violation cases in the Eastern District of the United States District Court including *Carter v. City of Stockton*, case no. 2:21-cv-00607-KJM-CKD. In that case, Devin Carter, a 17-year-old African American high school senior was viciously beaten by Stockton Police Officers Michael Stiles and Omar Villapudua.

///

69.    PLAINTIFFS have suffered loss of the love, companionship, affection, comfort, care, and guidance of their mother, who died as a result of the previously described unconstitutional practices.

70.    Accordingly, Defendants CITY and JONES each are liable to PLAINTIFFS for compensatory damages under 42 U.S.C. § 1983.

71.    PLAINTIFFS bring this claim both individually and as a successors-in-interest to Tracy Gaeta and seek both survival and wrongful death damages under this claim. PLAINTIFFS further seek statutory attorney's fees and costs under this claim.

**FIFTH CAUSE OF ACTION**
***Monell* Liability**
**Ratification**
**42 U.S.C. § 1983**
**[PLAINTIFFS Against Defendants CITY and DOES 1-10]**

72.    Plaintiffs hereby reallege and incorporate each and every allegation set forth above as though fully set forth herein.

73.    Defendant RIBERA acted under color of law.

74.    The acts of Defendants deprived decedent Tracy Gaeta and PLAINTIFFS of their rights under the United States Constitution.

75.    Upon information and belief, Defendant ERIC JONES, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendant RIBERA ratified (or will ratify) Defendant RIBERA's acts and the bases for them. Upon information and belief, Defendant ERIC JONES knew of and specifically approved of Defendant RIBERA's acts by determining that his acts were "within policy."

76.    Alternatively, a yet to be identified final policymaker of the CITY, acting under color of law, who had final policymaking authority concerning the acts of Defendant RIBERA ratified (or will ratify) Defendant RIBERA's acts and the bases for them. Upon information and belief, the final policymaker, knew of and specifically approved of Defendant RIBERA's acts by determining that his acts were "within policy."

///

///

77.    Upon information and belief, Defendant RIBERA was not disciplined, reprimanded, retrained, suspended or otherwise penalized in connection with Tracy Gaeta's death, and will not be so disciplined, etc. in the future. Defendant ERIC JONES failure to take corrective or any action constitutes ratification.

78.    Alternatively, the yet to be identified final policymaker of the CITY's failure to take corrective or any action constitutes ratification.

79.    Moreover, the CITY has a long history of ratification of unjustifiable excessive force against unarmed African American citizens. (See ¶ 68-69).

80.    As a result of the foregoing, decedent Tracy Gaeta suffered great physical pain and emotional distress up to the time of her death, loss of enjoyment of life, loss of life and loss of earning capacity. Defendants wrongful conduct illegally caused a deprivation of PLAINTIFFS constitutionally protected liberty interest in familial companionship, love and society of their mother, and loss of income, all to their damage in an amount to be proven at trial according to proof.

81.    Tracy Gaeta's injuries were a direct and proximate result of the aforementioned violation of rights conferred by the United States Constitution and the wrongful acts and omissions perpetrated by Defendant RIBERA while acting under the color of law and pursuant to customs, policies, and/or procedures in violation of 42 U.S.C. §1983.

82.    PLAINTIFFS bring this claim as successors in interest to decedent Tracy Gaeta and seek both survival and wrongful death damages for the violation of decedent Tracy Gaeta's rights. PLAINTIFFS further seek statutory attorney's fees and costs under this claim.

### SIXTH CAUSE OF ACTION
***Monell* Liability**
**Failure to Train**
**42 U.S.C. § 1983**
**[PLAINTIFFS Against Defendants CITY and DOES 1-10]**

83.    Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

84.    Defendant RIBERA acted under color of law.

///

85.     The acts of Defendant RIBERA, including fatally shooting DECEDENT Tracy Gaeta while she was the middle of a mental health crisis, failing to give a warning that deadly force would be used prior to shooting, failing to de-escalate a situation involving an individual suffering a mental health crisis, and failing to utilize less than lethal options available to them, deprived decedent Tracy Gaeta and PLAINTIFFS of their particular rights under the United States Constitution.

86.     The training policies of Defendant CITY were not adequate to train their officers to handle the usual and recurring situations with which they must deal (See ¶ 68-69). This includes training polices with respect to the use of force, including deadly force, less-lethal force, de-escalation techniques, handling situations involving individuals with mental health crisis, shooting at occupied motor vehicles and their drivers, waiting for sufficient assets, equipment and personnel, controlling officer emotions and fears including inadequate "warrior training" that imbues officers with irrational fears about every situation and encourages excessive and unreasonable force and overreacting to a situation, inappropriate "shot/don't shoot" scenarios in training that promote the use of unreasonable force, and continually assessing a situation to justify every shot fired.

87.     Defendants CITY and JONES were deliberately indifferent to the obvious consequences of their failure to train their officers adequately, including training with respect to tactics, the use of force (including deadly force), de-escalation techniques, interacting with citizens during a mental health crisis and vehicle pursuits.

88.     The failure of Defendants CITY and JONES to provide adequate training caused the deprivation of decedent and PLAINTIFF's rights by defendant RIBERA; that is, Defendants CITY and JONES' failure to train is so closely related to the deprivation of decedent and PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

89.     On information and belief, Defendants CITY and JONES failed to train defendant RIBERA properly and adequately, including training with respect to tactics, the use of force (including deadly force), de-escalation techniques, interacting with citizens during a mental health crisis and vehicle pursuits.

90.     Defendants CITY and JONES' failure to train includes not having training for officers to handle the usual and recurring situations with which they must deal; not providing adequate time and resources for officers to train, when the training does exist, so that the officers can rely on that training during use of force incidents; not enforcing the basic training standards, when they do exist, that are designed to prevent officers from using excessive and unreasonable force; not adequately providing recurring training so that officers do not lose necessary perishable skills, and not re-training officers who have used force in the field.

91.     Defendants CITY and JONES' have inadequate training for CITY officers regarding the following:

a)  Effective communication to enable a peace officer to gain cooperation and voluntary compliance in stressful situations.

b)  Reverence for life as the foundation on which the use of deadly force rests. Deadly force as always the last resort used in the direst of circumstances. The authority to use deadly force as an awesome responsibility given to peace officers by the people who expect them to exercise that authority judiciously.

c)  Self-control as one of a peace officer's greatest assets in dealing with a person or a situation. In the law enforcement/community partnership, the expectation is that peace officers are self-disciplined and accountable.

d)  Unreasonable fear can be responsible for inappropriate responses such as a failure to respond or responding inappropriately (using unreasonable force).

e)  Unreasonable force when the type, degree, and duration of force employed was not necessary nor appropriate.

f)  Use of techniques other than deadly force including but not limited to de-escalation, communication, conflict resolution, defensive tactics, less-lethal force, and use of time and distance.

///
///
///

92.     By reason of the aforementioned acts and omissions, PLAINTIFFS have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of decedent. The aforementioned acts and omissions also caused decedent's pain and suffering, loss of enjoyment of life, and loss of life.

93.     Accordingly, Defendants CITY and JONES are liable to PLAINTIFFS for compensatory damages under 42 U.S.C. § 1983.

94.     PLAINTIFFS bring this claim individually and as successors-in-interest to decedent Tracy Gaeta and seeks survival damages. PLAINTIFFS further seek statutory attorney's fees and costs under this claim.

### SEVENTH CAUSE OF ACTION
**Violation of Ralph Act**
**C.C.P. § 51.7**
**[PLAINTIFFS Against Defendants RIBERA and DOES 1-10]**

95.     PLAINTIFFS incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

96.     California Civil Code section 51.7, also known as the Ralph Act, provides all persons with the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of their race or other protected, actionable characteristic, or because another person perceives them to have one or more of those characteristics.

97.     California Civil Code section 52(b) provides that whoever denies the right provided in Civil Code section 51.7, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following: (1) an amount to be determined by a jury, or a court sitting without a jury, for exemplary damages; (2) a civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right provided by section 51.7 in any action brought by the person denied the right; and (3) attorney's fees as may be determined by the court.

///

///

98.      Defendants CITY and RIBERA committed violent acts against decedent Tracy Gaeta, including but not limited to, the unreasonable and unjustifiable use of deadly force when Defendant RIBERA shot the decedent approximately thirty-three (33) times.

99.      At the time of the shooting, defendant RIBERA knew that the decedent was not suspected of perpetrating a felony and that the decedent was an African American.

100.      A substantial motivating reason for Defendants RIBERA's conduct was his perception of decedent's race – a protected, actionable characteristic.

101.      As a result of defendant RIBERA's misconduct, decedent Traccy Gaeta was caused to suffer extreme mental and physical pain and suffering and eventually suffered a loss of life and of earning capacity. Decedent and PLAINTIFFS have been deprived of life, liberty, civil rights, family relations and equal protection under the law. PLAINTIFFS have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of their mother, and will continue to be so deprived for the remainder of their natural lives.

102.      Defendant RIBERA's misconduct was a substantial factor in causing the harms, losses, injuries, and damages of decedent Tracy Gaeta and PLAINTIFFS.

103.      CITY is vicariously liable for the wrongful acts of Defendant RIBERA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

104.      Defendant RIBERA's conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of decedent Tracy Gaeta and PLAINTIFFS, entitling them to an award of exemplary and punitive damages against him.

105.      PLAINTIFFS bring this claim both individually and as successors-in-interest to decedent and seek both survival and wrongful death damages.

106.      PLAINTIFFS also seek the statutory civil penalties set forth in Civil Code Section 51.7, including actual damages in an amount to be proven at trial, a civil penalty of twenty-five thousand dollars ($25,000), and attorney's fees.

///

### EIGHTH CAUSE OF ACTION
**Negligence**
**Wrongful Death and Survival Claim**
**[Plaintiffs Against All Defendants and DOES 1-10]**

107.     PLAINTIFFS incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

108.     As a police officer, defendant RIBERA has a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

109.     Defendant RIBERA breached his duty of care by using excessive force on decedent Tracy Young.

110.     The actions and inactions of Defendants RIBERA were negligent and reckless including but not limited to: (a) the failure to identify a citizen having a mental health crisis; (b) the failure to properly and adequately assess the need to use deadly force against Tracy Gaeta; and (c) negligent tactics and handling of the situation with Tracy Gaeta including RIBERA's pre-shooting negligence including but not limited to failure to use proper de-escalation tactics and techniques and the negligent communication of information during the incident.

111.     Defendant RIBERA had a duty to comply with the minimal training mandated for tactical firearms training and firing on moving vehicles; to not utilize careless or reckless police tactics that could create a dangerous circumstance or heighten a situation of danger that could result in the use of unnecessary force; and to cause the discharge of his firearm unless it was justified under the totality of the circumstances.  By his actions detailed above, he breached this duty.

///
///
///
///
///

112.    Defendant JONES, acting within the course and scope of his employment had a duty to assure the competence of his employee/agent Defendant RIBERA, but breached his duty and was negligent in the performance of his duty by selecting, hiring, training, reviewing, failing to supervise and evaluate the competency of his officers. This breach of the duty of careful selection, hiring, training, review, supervision, periodic evaluation of the competency, and retention of such officers, created an unreasonable risk of harm to persons such as decedent Tracy Gaeta.

113.    As a direct and proximate result of Defendants RIBERA and JONES' conduct as alleged above, and other undiscovered negligent conduct, decedent Tracy Gaeta was caused to suffer severe pain and suffering and ultimately died. Also, as a direct and proximate result of Defendants' conduct as alleged above, PLAINTIFFS have suffered emotional distress and mental anguish. PLAINTIFFS also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of their mother, and will continue to be so deprived for the remainder of their natural life.

114.    The CITY is vicariously liable for the wrongful acts of Defendants RIBERA and JONES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

115.    PLAINTIFFS brings this claim individually and as successors-in-interest to decedent and seek both wrongful death and survival damages under this claim. PLAINTIFFS further seek statutory attorney's fees and costs under this claim.

**NINTH CAUSE OF ACTION**
**Battery**
**Wrongful Death and Survival Claim**
**[PLAINTIFFS Against Defendants RIBERA and DOES 1-10]**

116.    PLAINTIFFS incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

///

///

117.     Defendant RIBERA, while working as an Officer for the Stockton Police Department and acting within the course and scope of his duties, intentionally shot at decedent Tracy Gaeta approximately thirty-three (33) times striking her in the back of the head and torso, thereby using unreasonable and excessive force against her.

118.     As a direct and proximate result of RIBERA's misconduct, decedent Tracy Gaeta experienced severe pain and suffering and ultimately died from her injuries. Decedent suffered survival damages pursuant to Code of Civil Procedure Section 377.34, including during the time that she survived after the shooting before being pronounced dead at San Joaquin General Hospital at 3:05p.m.

119.     As a direct and proximate cause of RIBERA's misconduct, and other undiscovered negligent conduct, PLAINTIFFS have suffered emotional distress, mental anguish, and pain. PLAINTIFFS have also been deprived of the life-long love, companionship, comfort, support, guidance society, care, and sustenance of their mother, and will continue to be so deprived for the remainder of their natural life.

120.     Defendant RIBERA had no legal justification for using deadly force against decedent Tracy Gaeta, and his use of force while carrying out his duties as an officer was an unreasonable and non-privileged use of force.

121.     The CITY is vicariously liable for the wrongful acts of Defendant RIBERA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

122.     RIBERA's conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of decedent Tracy Gaeta and PLAINTIFFS, entitling PLAINTIFFS to an award of exemplary and punitive damages against him.

123.     PLAINTIFFS brings this claim individually and as successors-in-interest to decedent and seek both wrongful death and survival damages under this claim. PLAINTIFFS further seek statutory attorney's fees and costs under this claim.

///

**TENTH CAUSE OF ACTION**
**Wrongful Death**
**C.C.P. § 377.60**
**[Plaintiffs Against All Defendants and DOES 1-10]**

124.     PLAINTIFFS incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

125.     Defendant RIBERA acted under the color of law when he shot decedent Tracy Gaeta approximately thirty-three (33) times, killing her without legal justification.

126.     By his unconstitutional actions, Defendant RIBERA has deprived Decedent Tracy Gaeta and PLAINTIFFS of their constitutionally protected rights, including, but not limited to:

    a)  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b)  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

    c)  The right to be free from the use of excessive force by police officers guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

127.     Defendant JONES, acting within the course and scope of his employment had a duty to assure the competence of his employee/agent Defendant RIBERA, but breached his duty and was negligent in the performance of his duty by selecting, hiring, training, reviewing, failing to supervise and evaluate the competency of his officers. This breach of the duty of careful selection, hiring, training, review, supervision, periodic evaluation of the competency, and retention of such officers, was the direct and proximate cause of Tracy Gaeta's death.

128.     CITY is vicariously liable for the wrongful acts of Defendant RIBERA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

129.     Due to the death of the decedent Tracy Gaeta by the actions of Defendant RIBERA, PLAINTIFFS have experienced extreme mental anguish, pain, grief, and the loss of the life-long companionship, affection, and love of their mother, in addition to suffering monetary loses, including but not limited to, funeral costs, and loss of financial support.

130.     PLAINTIFFS brings this claim individually and as successors-in-interest to decedent and seek wrongful death damages under this claim.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### PRAYER FOR RELIEF

Plaintiffs ALEX GAETA and TRESSIE GAETA pray for judgment against Defendants CITY OF STOCKTON, ERIC JONES, and KYLE RIBERA, and request entry of judgment as follows:

A.  For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.  For funeral and burial expenses;

C.  For punitive and exemplary damages against the individual defendants only, in the amount to be proven at trial;

D.  For statutory damages;

E.  For interest;

F.  For reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and other relevant statutes, including a contingency fee enhancement beyond the lodestar method;

G.  For costs of suit; and

H.  For such further other relief as the Court may deem just, proper, and appropriate.

///
///
///
///
///
///

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury.

DATE: January _13_, 2023                    GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER

_/s/ Angelina M. Austin_

J. Gary Gwilliam
Jayme L. Walker
Angelina M Austin
Attorneys for Plaintiffs
ALEX GAETA & TRESSIE GAETA